IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IOU CENTRAL, INC.
d/b/a IOU FINANCIAL, INC

      Plaintiff,                                 CASE NO.: 6:21-cv-1475

vs.

FINES ENTERPRISES, INC., A/K/A
TENDER TOUCH HEALTH CARE;
LEONIDES GABRIEL FINES
INDIVIDUALLY AND AS TRUSTEE/SETTLOR
OF THE G2G REVOCABLE TRUST;
ANDREA EMMA FINES
INDIVIDUALLY AND AS TRUSTEE/SETTLOR
OF THE G2G REVOCABLE TRUST;
KRISTIN ANN FINES;
VICTORY HEALTH CARE, LLC;
AAAF MANAGEMENT, LLC;
AAAF FINEST MANAGEMENT, LLC

      Defendants.
_____/

## COMPLAINT

Plaintiff IOU sues the Defendants as follows:

1. Plaintiff is incorporated in Delaware, whose principal place of business located in Georgia, which is a citizen of both states per 28 U.S.C. § 1332

2. Defendant Fines Enterprises [Business], a dissolved healthcare business, is incorporated in Florida, the location of its principal place of business, which is a citizen of Florida per § 1332.

1

3. Defendants Leonidas Fines and Andrea Fines, [Debtor[s], individually and as trustees and settlors of the G2G Revocable Trust, are domiciled in and citizens of Florida per § 1332, as is Defendant Kristin Fines [KAF].

4. Debtor[s] and/or Defendant KAF are the sole members of Defendant Victory Health Care [VHC] of AAAF Management [AAAF] and AAAF Finest Management [AAAFF] [LLC Defendants]. The term "Defendants" only incudes Business, Debtor[s} and KAF unless otherwise stated.

5. Debtors are officers, owners or other agents of Business and the LLC Defendants, with authority to act on behalf of them, such as the transactions at issue.

6. Per § 1332, jurisdiction exists in this case based upon diversity of citizenship between the parties and the amount in controversy exceeds $76,000.00, such as relief in law or equity. Per § 1367, jurisdiction exists over all claims.

7. This litigation concerns debt, property and relief valued in excess of $76,000.00, including damages and fees recoverable by contract and statute.

8. Under 28 U.S.C. § 1391 and § 89, venue is proper as a substantial part of the events or omissions giving rise to the claims occurred here or Defendants consented to this venue and personal jurisdiction to which they are subject.

9. The Loan documents at issue are governed by Georgia law and provide that they may be enforced here where the loan collateral is located.

10. Business and Debtor[s] applied for a commercial loan [Loan] at Plaintiff's Georgia office, represented in the application process that Debtor[s] could bind the Business, they had the ability and intent to comply with the Loan; whose application information was truthful; upon Plaintiff materially relied, of which KAF assumed, adopted and ratified.

11. On or about 4/25/15 [Closing] Business, through Debtor[s], executed and delivered a Note to Plaintiff, for a gross loan amount/principal sum of $107,000.00, at its office, in exchange for its Funds, with a loan guaranty fee, confirming all information in the loan application process [Note ¶ 1-5].

12. The Note is breached and in default if (i) its amounts are not received when due; (ii) Business breaches its warranties, representations, covenants, terms or conditions (iii) default under any guaranty or instrument, to enhance the Loan's underwriting; a bankruptcy, insolvency or receivership proceeding is commenced by or as to Business and not dismissed within 30 days (iv) Business ceases to exist (v) Business obtains another loan without written permission [Note ¶ 6].

13. The Note is the unconditional legal obligation of Business to satisfy the Loan, with all others who become liable for it, such as Debtor[s] and KAF, who waived any defenses to it, aside from payment, which states:

> *Borrower and all others* [emphasis added] who become liable for the payment of all or any part of the amounts due under this Note do hereby severally waive: (i) presentment and demand for payment; (ii) notice of dishonor, protest and notice of protest and non-payment and all other notices of any kind, except for

> notices expressly provided for in this Note; and (iii) any defense of the statute of limitations in any action or proceeding brought for the collection of the amounts due under this Note. [Note ¶13]
>
> Borrower is and shall be obligated to pay principal, interest and any other amounts which shall become payable hereunder absolutely and unconditionally and without any abatement, postponement, diminution or deduction and without any reduction for counterclaim or setoff. [Note ¶14]

14.     The Note is governed by Georgia law and subject to jurisdiction and venue in any action arising from or relating to it [Note ¶¶ 20, 23, 24] which Business and Debtor[s] assumed, adopted and ratified as did KAF.

15.     The property and assets of Business, plus other parties bound by the Note, are encumbered as collateral for the Loan under a Security Agreement in the Note, which Defendants assumed, adopted and ratified, which provides as follows:

> As security for the due and punctual payment of all amounts due or to become due and the performance of all obligations of Borrower from time to time under this Note and all extensions, renewals and amendments of any of the foregoing Borrower hereby pledges, transfers, assigns, conveys and grants a security interest to a continuing lien upon and security interest in and to all of Borrower's now owned or hereafter acquired, created or arising property including any right, title or interest in or to property of any kind whatsoever, whether real, personal or mixed, and whether tangible or intangible, and in each case regardless of where such Property may be located and whether such Property may be in the possession of Borrower, Lender or a third party and shall include any right, title or interest in or to property of any kind whatsoever, whether real, personal or mixed, and whether tangible or intangible and (1) any and all amounts owing to Borrower now or in the future from any merchant processor(s) processing charges made by customers of Borrower via credit card or debit card transactions: and (2) all other tangible and intangible personal property, including, but not limited to: (a) inventory, (b) equipment, (c) investment property, including certificated and uncertificated securities, securities accounts,

security entitlements, commodity contracts and commodity accounts, (d) instruments, including promissory notes, (e) chattel paper, including tangible chattel paper and electronic chattel paper, (f) documents, (g) letter of credit rights, (h) accounts, including health care insurance receivables, (i) deposit accounts, (j) general intangibles, including payment intangibles and software, and (k) as-extracted collateral as such terms may from time to time be defined in the Uniform Commercial Code. The collateral includes all accessions, attachments, accessories, parts, supplies and replacements for the collateral, all products, proceeds and collections thereof and all records and data relation thereto [Note ¶ 21].

16. The Note and Security Agreement are enforceable by remedies such as but not limited to repossession, replevin, judicial foreclosure or prejudgment or provisional remedies relating to any collateral, security or property interests of the Defendants for debt owed under the Loan [Note ¶ 25].

17. At the Closing, Debtor[s] executed and delivered Guarantees of the Note and Security Agreement to Plaintiff's Georgia office.

18. The Guarantees are breached and in default based on a breach of and default on their terms or any breach of and default on the Note [Guarantees p. 1].

19. The Guarantees are the unconditional legal obligations of Debtor[s] to satisfy the Loan, with all others who become liable for it per the Note, plus the estates, executors, administrators, heirs, successors and assigns of the Debtor[s], who waived any defenses to the Loan aside from payment, which state as follows:

> In consideration of the loan made by Lender to Borrower, Guarantor hereby absolutely and unconditionally guarantees both payment of, and collection of, the Guaranteed Debt when due under the terms of the Note. Guarantor will pay the Guaranteed Debt in full, without setoff or

counterclaim upon Lender's demand. This Guaranty shall not be affected by the genuineness, validity, regularity or enforceability of the Note, or by circumstances relating to the Note that might otherwise constitute a defense to this Guaranty. Guarantor acknowledges that there may be more than one Guarantor of the Guaranteed Debt and agrees that, in such circumstances, each Guarantor shall be joint and severally liable for the Guaranteed Debt. [Guaranty ¶ 2].

This Guaranty is a continuing and irrevocable guaranty of the Guaranteed Debt and shall remain in full force and effect until the Guaranteed Debt, and any other amounts payable under this Guaranty, are paid in full. This Guaranty shall continue to be effective, or be reinstated, as if such payment had not been made, if at any time any payment of any portion of the Guaranteed Debt is rescinded or must be restored or returned by Lender to Borrower upon the insolvency or bankruptcy of the Borrower or otherwise This Guaranty shall: (i) bind Guarantor and Guarantor's executors, administrators, *successors and assigns*, [emphasis added] provided that Guarantor may not assign rights or obligations under this Guaranty without Lender's prior written consent; and (ii) inure to the benefit of Lender and its successors and assign [Guaranty ¶ 3].

20. The Guarantees are governed by Georgia law and subject to jurisdiction and venue in any action arising from or relating to it [Guaranty ¶¶ 8 11] which all Defendants assumed, adopted and ratified.

21. The property and assets of Debtor[s], plus other parties bound by the Guarantees, are encumbered as collateral for the Loan under the Security Agreement and Guarantees or are otherwise required which Defendants ratified.

22. Plaintiff may enforce the Note and Security Agreement against the Debtor[s], using the same methods and remedies as those in the Note such as the Security Agreement [Guaranty ¶ 13, 19].

23. At the Closing, Debtor[s] executed a Debit Agreement with Business to Plaintiff, authorizing Loan payments from their account into Plaintiff's account, certifying its purpose and their account, which they assumed, ratified and adopted.

24. At the Closing, Defendants received the Loan Funds by wire transfer into their account from Plaintiff's account, to which they consented and ratified.

25. Defendants assumed, ratified and adopted the Note, Guaranty, Security and Debit Agreements [Instruments] who are liable for the Loan.

26. The Instruments are a security interest in and encumber the property and assets of Defendants, such as but not limited to the below ones:

(a) 8017 Chianti Drive, Orlando FL 32839, Parcel Id 342328053000120, owed by the Debtor Defendants since the Closing, per a Deed, recorded at Orange Book 4777, Page 1466 mentioned in the Guaranty(s).

(b) 8334 Crosswicks Drive, Orlando FL, Parcel Id 22-2328-6200-00-080 owned by Debtor Andrea Fines at the Closing per a Deed recorded at Orange Book 10301, Page 3228, titled to the Trust, subject to the Instruments, per its Certification signed by Debtor(s), recorded 5/27/20 Instrument No. 20200297422 and their quitclaim deed to the Trust, recorded 6/12/20, Inst. No 20200328005

(c) The Instruments encumber the interests of Debtors and KAF in Defendants VHC, AAAF and AAAFF, other healthcare businesses reinstated or

formed by them after the Loan [LLC Defendants] into which they transferred property and assets of Business.

(d) The LLC Defendants were formed by Debtor[s] and KAF after the Closing, apparently per undisclosed legal issues of Business and Debtor[s]. These LLC Defendants "became liable" for the Loan, are "successors and assigns" of Defendants and are otherwise subject to the Instruments per their terms.

(e) The LLC Defendants are closely related to Business, Debtor[s], and KAF which should have foreseen they would be bound by the Instruments, given their terms, whose rights are derivative of the other Defendants.

(f) The above and other properties and assets of Defendants are not subject to a homestead or other protection or exemption, which were waived by the Instruments or the misconduct of Defendants, were purchased, improved or maintained with the Funds, or which are otherwise invalid.

(g) Any property and assets secured by other loans of Defendants, satisfied by and into which the Loan is subrogated, such as Fifth Third's secured note dated 2/10/11, for $1,000,000.00 guaranteed by Debtor(s), Business and VHC, recorded at Orange Inst. No. 20110075351 and a secured loan dated 2/28/14, for $850,000.00, guaranteed by Debtor(s), Business and VHC, recorded at Orange Inst. No. 20110075351, satisfied by IOU at the Closing as admitted by Debtor(s) to IOU.

(h) The properties and assets of Defendants are subject to any UUC-1 or other notice as to the Loan and Instruments by Plaintiff and to jurisdiction here.

27. The Instruments, when read together, are the commercial Loan, that "absolutely and unconditionally" promises its "payment and collection" [Note ¶ 2, 14, Guarantees ¶ 1-3]. Defendants and others "are or will become liable for its amounts due" include their "estate, executors, administrators, heirs, successors and assigns" such as KAF and the LLC Defendants [Note ¶ 13, Guarantees ¶ 3]. It bars all defenses except payment [Note ¶ 13, Guarantees ¶ 2]. It provides for payment of interest, costs, other charges and attorney's fees for its enforcement [Note ¶ 2, 5 8, 10, Guarantees ¶¶ 1, 7]. It is enforceable by remedies that Plaintiff may simultaneously pursue including on the debt and Security Agreement [Note ¶¶ 21, 25, Guarantees ¶¶ 1, 19]. It was ratified by Defendants per their acceptance of the Funds.

28. Defendants breached and defaulted upon the Instruments, such as but not limited to their misrepresentations when obtaining the Loan, <u>omitting to mention they signed over the management of Business to a third party prior to the Closing, resulting in a suit, M.D. Fla. Case No. 6:16-cv-01244</u>, omitting to mention their default on the Fifth Loans, resulting in suits against them just after the Closing, failing to make payments, obtaining unapproved loans, dissipating their property and assets including those of Business which was dissolved, which they did not cure even after repeated demands by Plaintiff, who are liable for the Loan and their

misconduct, who omitted to mention Business was undercapitalized, could not satisfy its debts and was used to fund the LLC Defendants. They sought to hinder, delay or defraud enforcement of the Loan. Leonides Fines bankrupted 3 times in bad faith from 2018-2019, again to hinder, delay or defraud enforcement of the Loan, per an order in <u>MD Fla Case No. 6:19-bk-00537-CCJ</u> barring his bankruptcy until 2021.

29. Plaintiff owns and holds the defaulted Instruments, which has standing to enforce them, whose principal balance and value exceeds $76,000.00, with attorney's fees, pre-judgment interest and other charges as provided by law and their terms [Note ¶ 2, 5, 8, 10, Guarantees ¶ 1, 7].

30. Plaintiff reasonably relied upon the representations of Defendants and paid the Funds to them, which closed the Loan with them as a result.

31. Defendants accepted and retained the Funds, who are fraudulently, wrongfully or unjustly enriched with them at Plaintiff's expense, by retaining their property, assets and the Funds.

32. Defendants are indebted to Plaintiff for the Funds, of which their property and assets are secured as collateral per the Instruments.

33. All conditions precedent to occurred, were fulfilled, waived or their occurrence or fulfillment were unnecessary or futile.

34. Defendants induced Plaintiff to confer the Funds on them under the Loan, which they did not intend to satisfy but did not disclose prior to the Closing.

## COUNT I: ENFORCEMENT OF SECURED INSTRUMENTS AND RELATED RELIEF AS TO ALL DEFENDANTS [INCLUDING LLC DEFENDANTS]

35.     ¶¶ 1-34 are incorporated.

36.     The Instruments are intended to bind the recipients and beneficiaries of the Funds, such as the Defendants, which they assumed, adopted and ratified.

37.     The Instruments are secured by all property and assets of Defendants by their terms and or due to their conduct, which they assumed, adopted and ratified, which include the interests of the Debtor[s] and KAF in the LLC Defendants.

38.     Defendants breached the Instruments requiring their enforcement as to their property and assets per these terms or per their conduct.

39.     Defendants accepted the Funds, which they wrongfully retain, who are otherwise unjustly enriched by retaining them with their property and assets.

40.     Defendants cannot enjoy any beneficial interest in their property and assets without violating equitable principles, due to their misconduct.

41.     The Instruments are enforceable against the property and assets of the Defendants, such as the LLC Defendants, as a secured debt, for which there is no adequate legal remedy, requiring equitable relief, which will not prejudice anyone.

42.     Per 28 U.S.C. §§ 2001, 2201 and applicable law, Plaintiff requests the Court declare and establish that all Defendants are liable for the Instruments, which are a secured interest in their property and assets, judicially foreclose its secured lien

interest in all property, and assets of Defendants, such as the above properties, their fixtures, appurtenances, rents, contents and insurance for the principal sum of its Note and Guarantees, interest, charges, expenses, costs and fees, taxes and abstracting, in which all other claims and interests are inferior, subordinate, barred, foreclosed, quieted to all right, title, interest and equity of redemption, subject to prior liens, issuing a post-sale writ of possession and of ejectment for Plaintiff or any purchaser, without waiver of its other remedies, relating back to their execution, granting all just relief, such as its other relief pled.

### COUNT II: BREACH OF INSTRUMENTS AND RELATED RELIEF AS TO DEFENDANTS

43. ¶¶ 1-34 are incorporated.

44. Debtors, Business and KAF consented to and ratified the Instruments by accepting the Funds, for which they are liable as co-guarantors and obligors.

45. Defendants breached the Instruments, failed to make payments and did not otherwise comply with their terms, which are now in default and due.

46. Plaintiff accelerated the principal balance of its defaulted Instruments of which Defendants were given notice or notice was not required or is futile and the Instruments provide for payment of Plaintiff's attorney's fees and costs.

47. Per O.C.G.A. § 13-1-11, Defendants are notified unless all principal, interest and other charges due under the Instruments are paid within 10 days of service of this Complaint, then Plaintiff can enforce and invoke the fees provisions of the Instruments and they will be indebted for Plaintiff's fees and costs.

48. Per O.C.G.A. § 7-4-16, Plaintiff is entitled to prejudgment interest with any charges as provided by the Instruments and as provided by law.

49. Plaintiff demands judgment for its damages on the Instruments against Defendants for a principal balance of at least $76,000.00, plus fees, interest, costs and its other charges, plus all just relief such as its other remedies.

### COUNT III: UNJUST ENRICHMENT AND RELATED RELIEF AS TO ALL DEFENDANTS

50. ¶¶ 1-34 are incorporated.

51. Defendants induced and encouraged Plaintiff to confer the Funds upon them through Debtor[s], of which they assumed, adopted and ratified.

52. Plaintiff provided the Funds to the Defendants, expecting their repayment, of which they appreciated, consented, benefitted and ratified.

53. Defendants retained the Funds which should be repaid, who are otherwise unjustly enriched by them at Plaintiff's expense.

54. Per O.C.G.A. § 7-4-16, Plaintiff is entitled to prejudgment interest and other costs and charges as provided by law.

55. Per O.C.G.A. § 9-2-7 and applicable law, Plaintiff demands judgment as to Defendants for the Funds, costs and all just relief, such as an equitable lien, equitable mortgage or constructive trust on the property and assets of Defendants.

**COUNT VI:  ATTORNEY'S FEES AND RELATED RELIEF
AS TO ALL DEFENDANTS**

56. ¶¶ 1-34 are incorporated.

57. Defendants acted in bad faith by their misconduct, refusing to resolve these matters, requiring Plaintiff to bring the action and incur costs and fees.

58. Defendants were stubbornly litigious as there was no dispute of their liability at which caused Plaintiff the unnecessary trouble/expense to bring suit.

59. Per O.C.G.A. § 7-4-16, Plaintiff is entitled to prejudgment interest plus any charges provided by the terms of the Instruments.

60. Per O.C.G.A. §13-6-11 and applicable law, Plaintiff demands judgment against Defendants for its fees, costs and just relief, including its other remedies, if these are not otherwise granted.

61. Defendants are not minor(s) or adjudged incompetent; were not in the military for the last 30 days and not subject to protection per 50 U.S.C. § 3901.

Respectfully submitted this 1st day of September 2021.

By: <u>/s/ *Paul G. Wersant*</u>
Paul G. Wersant
Florida Bar No. 48815
3245 Peachtree Parkway, Suite D-245
Suwanee, Georgia 30024
Telephone: (678) 894-5876
Email: pwersant@gmail.com
Attorney for Plaintiff IOU
File No. 26668